UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CHRISTOPHER HANSEN,

Plaintiff,

v.

FREEMAN BUILDING, L.L.C.,
and FLOSSIE'S BAR & GRILL, INC.

Defendant.
_________________________________/

**COMPLAINT**

Plaintiff, CHRISTOPHER HANSEN, by his undersigned counsel, hereby files this Complaint and sues, FREEMAN BUILDING, L.L.C. and FLOSSIE'S BAR & GRILL, INC., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**PARTIES**

2. Plaintiff, CHRISTOPHER HANSEN, is a lifelong resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Christopher is a partial quadriplegic, as a result of a skim boarding accident in 2003.

He is bound to ambulate in a wheelchair. Mr. Hansen owns his own vehicle and does drive. He has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant FREEMAN BUILDING, L.L.C., is a domestic limited liability company which transacts business in the State of Florida and within this judicial district. Defendant is the owner and lessor of the property located at 3985 Ravenswood Rd., Fort Lauderdale, FL which is known and operated as Flossie's Bar & Grill.

4. Defendant FLOSSIE'S BAR & GRILL, INC. is a domestic corporation which transacts business in this the State of Florida and within this judicial district. Defendant is the owner/lessee and operator of Flossie's Bar & Grill which is located at the aforementioned address.

5. The Defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Mr. Hansen visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

9. Mr. Hansen has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10. Mr. Hansen intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including

those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendants have discriminated against Mr. Hansen by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

I. There is no disabled parking space at the facility in violation of ADAAG 208.2.

II. There is no required ramp provided for the rise in level at the step located at the entrance door in violation of ADAAG 303.4.

III. There are no required handrails at the existing ramp leading from the parking lot to the exterior dining/bar area in violation of ADAAG 405.8.

IV. There is no accessible seating area at the exterior bar in violation of ADAAG 226 and 902.3.

V. There are no accessible tables in the exterior dining/bar area that have the required toe and knee clearance and clear floor space under the table in violation of ADAAG 226.01 and 902.

VI. There are no accessible tables in the dining area that have the required toe and knee clearance and clear floor space under the table in violation of ADAAG 226.01 and 902.

VII. There is no accessible seating area at the bar which is too high and does not contain an accessible portion in violation of ADAAG 902.

VIII. There is no minimum clear width provided at the restroom door in violation of ADAAG 404.2.3.

IX. There is no minimum clear width provided at door of toilet compartment in violation of ADAAG 404.2.3.

X. There is no minimum clear width provided at door of water closet in violation of ADAAG 604.3.

XI. The toilet paper dispenser is mounted at a non-compliant distance and height from the water closet in violation of ADAAG 604.7.

XII. There is no grab bar on the rear wall in violation of ADAAG 604.5.

XIII. The paper towel dispenser is improperly mounted too high in violation of ADAAG 604.7.

XIV. The urinal is non-compliant as it is mounted too high and exceeds the maximum height allowance in violation of ADAAG 605.2.

XV. The flush control on the toilet exceeds the maximum height allowed in violation of ADAAG 605.4.

XVI. There is no required toe and knee clearance at the lavatory in the restroom in violation of ADAAG 606.

XVII. There is an noncompliant door know on the restroom door which requires turning and twisting in violation of ADAAG 404.2.7.

XVIII. There is no required minimum clear floor width at the door-less door opening at the travel path from the restroom entrance door to the restroom fixtures in violation of ADAAG 404.2.3.

XIX. There is no insulation on the hot water pipes in violation of ADAAG 606.5.

XX. There is no required floor space at the urinal in violation of ADAAG 605.3.

XXI. The toilet stall compartment door swings into the clear floor space of both the urinal and the lavatory in violation of ADAAG 603.2.3.

XXII. The position of the water closet is too far from the side wall in violation of ADAAG 604.2.

XXIII. There is a ramp to access the patio that is in violation of the ADAAG.

XXIV. There is an inaccessible path of travel to the bathroom in violation of the ADAAG.

. 13. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14. Mr. Hansen has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

18. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.

*Attorney for Plaintiff*

Florida Bar No. 34083
1825 NW Corporate Road, Suite 110
Boca Raton, Florida 33431
Ph: (561) 571-0647